UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY JEAN,<br><br>            Petitioner,<br><br>    v.<br><br><br>WARDEN, USP-ATWATER,<br><br>            Respondent. | Case Nos. 1:22-cv-00496-AWI-SKO (HC)<br>1:22-01039-AWI-SKO (HC)<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS (Doc. 17)**<br><br>**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS (Doc. 12)**<br><br>**ORDER DISMISSING PETITIONS FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY** |

Petitioner is a federal prisoner proceeding in propria persona with petitions for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the above-referenced cases. On October 3, 2022, the Court issued an order relating the cases. (22-cv-00496, Doc. 13; 22-cv-01039, Doc. 8.) On January 5, 2023, the Magistrate Judge assigned to the case issued Findings and Recommendation to grant Respondent's motion to dismiss both petitions for lack of jurisdiction. (22-cv-00496, Docs. 12, 17; 22-cv-01039, Docs. 7, 12.) This Findings and Recommendation was served upon all parties and contained notice that any objections were to be filed within twenty-one (21) days from the date of service of that order. To date, no party has filed objections.

1

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), the Court has conducted a de novo review of the case. Having carefully reviewed the entire file, the Court concludes that the Magistrate Judge's Findings and Recommendation is supported by the record and proper analysis.

In addition, the Court declines to issue a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-336 (2003). A successive petition under 28 U.S.C. § 2255 that is disguised as a § 2241 petition requires a certificate of appealability. *Harrison v. Ollison*, 519 F.3d 952, 958 (9th Cir. 2008); *Porter v. Adams*, 244 F.3d 1006, 1007 (9th Cir. 2001). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve

encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Thus, the Court DECLINES to issue a certificate of appealability.

## **ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed January 5, 2023 (22-cv-00496, Doc. 17; 22-cv-01039, Doc. 12), is ADOPTED IN FULL;
2. Respondent's motion to dismiss (22-cv-00496, Doc. 12; 22-cv-01039, Doc. 7) is GRANTED;
3. The petition for writ of habeas corpus is DISMISSED;
4. The Clerk of Court is directed to ENTER JUDGMENT AND CLOSE THE CASE; and,
5. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   April 7, 2023                                   /s/ signature
                                                        SENIOR DISTRICT JUDGE